UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X

KYRON HODGES,

                Plaintiff,

      -against-

KIANA MORRISON AND GOLDEN
FEATHER CIGARETTE EXPRESS,

                Defendants.
---------------------------------------------------------X

## MEMORANDUM AND ORDER

CV 08-76

(Wexler, J.)

APPEARANCES:

        WILLIAM T. MARTIN & ASSOCIATES
        BY: WILLIAM T. MARTIN, ESQ.
        Attorneys for Plaintiff
        32 Court Street, Suite 707
        Brooklyn, New York 11201

        SOLFERINO & SOLFERINO, LLP
        BY: PETER C. KAITERIS, ESQ.
        Attorneys for Defendants
        15 Roslyn Road
        Mineola, New York 11501

WEXLER, District Judge

This is a case alleging breach of contract. Federal jurisdiction is based upon diversity of citizenship. Presently before the court is Defendants' motion for summary judgment.

## BACKGROUND

I.    The Parties and the Allegations of the Complaint

Plaintiff Kyron Hodges ("Plaintiff" or "Hodges") alleges that he entered into a contract with Defendant Kiana Morrison ("Morrison") on or about July 22, 2004. According to Plaintiff,

the contract obligated Hodges to provide funding for a venture involving Morrison's business, Defendant Golden Feather Cigarette Express ("Golden Feather"). Golden Feather is a cigarette distribution business located on the Poospatuck Indian Reservation in Mastic, New York.

Plaintiff alleges that in return for an investment of $15,000, Morrison agreed to pay Hodges 10% of the of the net income of Golden Feather for a period of sixty months, followed by a one time payment of 10% of Golden Feathers' gross income. These terms are before the court in the form of a handwritten document that appears to have been signed by Morrison. Hodges alleges that payments were made pursuant to the parties' contract for a period of eight months, after which time the payments stopped. The present action seeks payment of amounts alleged to be due pursuant to the remaining term of the contract.

## II.   Defendants' Motion

Defendants seek summary judgment on the ground that the letter relied upon as the "contract" was not a contract, but only a proposal. Contrary to Plaintiff's assertion, Morrison takes the position that no payment was ever made by Hodges pursuant to any agreement. Defendants also argue immunity from suit as a sovereign Indian tribe.

## DISCUSSION

## I.   Disposition of the Motion

At the outset, the court rejects the sovereign immunity argument. The tribe to which Morrison alleges to belong is not named as a defendant herein, and Defendant points to no case standing for the proposition that a defendant tribe member is immune from a breach of contract lawsuit involving a tribe member's business.

As to summary judgment on the merits, the court notes that a claim for breach of contract

2

under New York law requires a plaintiff to prove: (1) the existence of an agreement between plaintiff and defendant; (2) adequate performance of the contract by plaintiff; (3) breach of contract by defendants, and (4) damages. <u>Reuben H. Donnelly Corp. v. Mark I Marketing Corp.</u>, 893 F. Supp. 285, 290 (S.D.N.Y. 1995).

Upon review of the allegations of the complaint, and the submissions of the parties, the court holds that numerous questions of fact regarding the existence of a contract, performance, and the parties' intent preclude a grant of summary judgment. If they have not already done so, the parties are directed to conclude their discovery so that a trial date may be set.

## CONCLUSION

For the foregoing reasons, the motion for summary judgment is denied.

SO ORDERED.

LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
March 26, 2009